IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACIE BOUDREAUX, | § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. |
| v. | § § | Jury Trial Demanded |
| CMRE FINANCIAL SERVICES, INC., | § § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff Tracie Boudreaux ("Plaintiff"), an individual, for Defendant CMRE Financial Services, Inc.'s ("Defendant") violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff is a natural person residing at all relevant times in the State of Texas, County of Harris, and City of Houston.

7. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Prior to June 2012, Defendant began attempting to collect the Debt from Plaintiff.

14. Plaintiff sent Defendant written communication dated June 17, 2012 in which Plaintiff disputed the Debt, requested verification, and demanded that Defendant cease and desist from placing any and all telephone calls to Plaintiff's residence and Plaintiff's place of employment. (See June 17, 2012 Correspondence, attached as Exhibit A).

15. Upon information and good-faith belief, Defendant received Plaintiff's June 17, 2012 communication on or about June 22, 2012.

16. In connection with collection of the Debt, Defendant sent Plaintiff written communication dated July 2, 2012, and in such communication, provided verification of the Debt. (See July 2, 2012 Correspondence, attached as Exhibit B).

17. Despite Plaintiff's demand that Defendant cease and desist from placing any and all telephone calls to Plaintiff's residence and place of employment, Defendant placed calls to Plaintiff's residence, including, but not limited to, the following dates and times:

- October 18, 2012 at 2:42 P.M.;
- October 22, 2012 at 2:00 P.M.;
- October 24, 2012 at 12:14 P.M.; and
- October 29, 2012 at 11:31 A.M.

18. Plaintiff called Defendant on October 29, 2012, and at such time, spoke with Defendant's agent and/or employee.

19. During the October 29, 2012 conversation, Defendant's agent and/or employee stated to Plaintiff that Plaintiff's account was flagged as a "do not call" but Defendant's agent and/or employee represented to Plaintiff that Defendant would keep calling until Plaintiff's account was resolved.

20. Defendant placed calls with the intent to harass Plaintiff, including, but not limited to: continuing to place calls to Plaintiff after receiving Plaintiff's demand to cease and desist from placing any such calls, and stating that Defendant would keep calling until Plaintiff's account was resolved.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

21. Plaintiff repeats and re-alleges each and every factual allegation contained above.

22. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at a time or place known or which should be known to be inconvenient to Plaintiff, including by caller her at her place of employment after having received written notice not to communicate with Plaintiff by telephone at her place of employment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)

23. Plaintiff repeats and re-alleges each and every factual allegation contained above.

24. Defendant violated 15 U.S.C. § 1692c(a)(3) by communicating with Plaintiff at her place of employment after having received a letter from Plaintiff demanding that Defendant cease and desist from any further communications with Plaintiff at her place of employment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

4

g) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(3);

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

j) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

k) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(c)

25. Plaintiff repeats and re-alleges each and every factual allegation contained above.

26. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received written notice that Plaintiff wished Defendant to cease further communication with the consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

m) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

n) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

o) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

p) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

q) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    r) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d

27. Plaintiff repeats and re-alleges each and every factual allegation contained above.

28. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692d(5)

29. Plaintiff repeats and re-alleges each and every factual allegation contained above.

30. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of December, 2012.

By: s/Joseph Panvini
Joseph Panvini
Southern District Bar No. 1572837
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111
Facsimile: (866) 565-1327
jpanvini@AttorneysForConsumers.com

*Attorney-in-charge for Plaintiff*
TRACIE BOUDREAUX